RECEIVED
JAN 1 5 2008
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NATALIE ALTINER,        ) | |
| )                       | |
| Plaintiff,              ) | |
| )                       | CIVIL ACTION NO.: 1:08-CV-34-WHA |
| vs.                     ) | |
| )                       | JURY DEMAND |
| FEDEX GROUND PACKAGES ) | |
| SYSTEMS, INC.           ) | |
| )                       | |
| Defendant.              ) | |

## COMPLAINT

### I. NATURE OF CASE

1. This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991 and 42 U.S.C. Section 1981a, and the Pregnancy Discrimination Act, Section 701(k).

### II. JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1343, 2201 and 2202. Venue is proper in the Middle District Eastern Division of Alabama under 28 U.S.C. §1391(b).

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. Plaintiff timely filed her charge of discrimination within


SCANNED
KR 1/15/08

180 days of the occurrence of the last discriminatory act. Plaintiff timely filed her lawsuit within 90 days of the receipt of her Right-To-Sue Letter from the EEOC.

## III. PARTIES

4. Plaintiff, Natalie Altiner, is a female citizen of the United States and a resident of the State of Alabama. Plaintiff was rehired by Defendant on or around May 1, 2005, and she was constructively discharged on or around August 5, 2005. At all times material to this action, Plaintiff was an "employee" of Defendant as defined by Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e *et seq.*

5. Defendant, FedEX Ground Packages System, Inc. ("FEDEX") is an entity subject to suit under Title VII. FedEX is an employer within the meaning of that term as used in Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e *et seq.*, and the Equal Pay Act, 29 U.S.C. Section 206(d). At all times pertinent to the matters alleged herein, Defendant has employed fifteen (15) or more employees.

## IV. FACTUAL ALLEGATIONS

6. Defendant rehired Plaintiff as a clerk in 2001, and Plaintiff performed the duties of a Part-time Service Manager, but was paid a lower salary than males working as Part-time Service Managers.

7. Defendant promoted Plaintiff to a Part Time Service Manager-I "PTSM-1" in 2002.

8. Around late March 2004, Plaintiff informed her Terminal Manager, Stan Deal, that she was pregnant. Thereafter, Deal made an inappropriate sexual joke directed at Plaintiff's pregnancy.

9. In October 2004, Plaintiff took maternity leave until January 2005.

10. In March 2005, Plaintiff applied for a Full-Time Service Manager position in Atlanta, and Defendant denied Plaintiff that position despite her qualifications.

11. In April 2005, Plaintiff gave a statement in support of another female employee's complaint of sexual harassment. Plaintiff stated women were not treated equally at FedEX and she also explained how Deal inappropriately touched her and told a sexual joke.

12. Shortly thereafter, Defendant began retaliating against Plaintiff by

denying her transfers, promotion to other positions, and assigning her less desirable working hours.

13.   Further, less qualified males and employees with less seniority who had not engaged in protected activity received more favorable job assignments and greater monetary compensation than Plaintiff.

14.   Defendant constructively discharged Plaintiff by assigning her to work a schedule that she had previously informed Defendant she was unable to work, due to having an infant and a minor child. In particular, on or around May 17, 2005, one month after Plaintiff gave testimony in a sexual harassment EEOC case involving Terminal Manager Deal, Deal changed Plaintiff's shift from starting at 10:00 a.m. to starting at 3:00 a.m.  Plaintiff tried working that schedule for a short time, but could not continue to work that schedule due to her child returning to school.  Further, Defendant reassigned a less senior employee who had not engaged in protected activity under Title VII, to Plaintiff's shift schedule.

15.   Defendant further discriminated against Plaintiff because of her gender and her pregnancy by denying her promotions, paying her lower wages than similarly situated male employees, denying her transfers, and discriminating

against her in other terms, conditions and privileges of her employment. Plaintiff did not learn she had been discriminated against in pay until on or around July 23, 2005.

16. Plaintiff filed an EEOC Charge against Defendant and the EEOC issued a determination stating in part as follows:

> I have therefore determined that the evidence obtained during the investigation established reasonable cause to believe a violation of Title VII has occurred, with respect to Charging Party's allegations that she was reassigned to a less desirable shift, that she was denied a transfer back to her original shift and that she was constructively discharged because of he sex and retaliation for her participation in a sexual harassment investigation.

17. Defendant's articulated reason(s) for taking adverse employment actions against Plaintiff are pretextual, and Defendant has failed to articulate a legitimate non-discriminatory reason for its adverse employment actions.

18. As a result of Defendant's actions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment, denial of wages, compensation, and other benefits and conditions of employment. Additionally, Plaintiff has suffered injury, including embarrassment, humiliation, mental distress, emotional pain and anguish, and loss of

enjoyment of life.

## V.  CAUSES OF ACTION

### COUNT I – SEX/PREGNANCY DISCRIMINATION

19.  Plaintiff re-alleges and incorporates by reference paragraphs 1-18 above with the same force and effect as if fully set out in specific detail herein below.

20.  Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq.*, as amended, and 42 U.S.C. 1981a.

21.  Defendant discriminated against Plaintiff because of her gender and her pregnancy in wages, promotions, transfers, evaluations and other terms, conditions and privileges of employment.

22.  Defendant has failed to articulate a legitimate, non-discriminatory reason for the discriminatory employment decisions stated in the above paragraph.

23.  Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

24.  Plaintiff has no plain, adequate or complete remedy at law to redress

the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

## COUNT II – RETALIATION IN VIOLATION OF TITLE VII

25. Plaintiff re-alleges and incorporates by reference paragraphs 1-24 above with the same force and effect as if fully set out in specific detail herein below.

26. Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq.*, as amended, and 42 U.S.C. 1981a.

27. In retaliation for Plaintiff engaging in protected activity, Defendant took actions against Plaintiff that a reasonable employee would have found to be materially adverse, because such actions may have dissuaded a reasonable employee from making or supporting a charge of discrimination. In particular, after Plaintiff engaged in protected activity, Defendant promptly moved Plaintiff to a shift and a position that Defendant knew Plaintiff could not work. Defendant refused to work with Plaintiff and allow her to transfer to a shift and position that she could work. As a result, Defendant constructively

discharged Plaintiff.

28. Defendant has failed to articulate a legitimate reason for the adverse employment actions taken against Plaintiff.

29. Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

30. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

## VI. DAMAGES

31. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

32. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages and other pecuniary losses as a consequence of Defendant's unlawful conduct.

33. Plaintiff has no plain, adequate or complete remedy at law to redress

the wrongs alleged herein and this suit for lost wages, reinstatement, frontpay, declaratory judgment, injunctive relief, and compensatory, punitive and liquidated damages is her only means of securing adequate relief.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant company are violative of the rights of Plaintiff as secured by Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e *et seq.*, and 42 U.S.C. Section 1981a.

2. Grant Plaintiff a permanent injunction enjoining Defendant company, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. 1981a.

3. Enter an Order requiring Defendant to make Plaintiff whole by awarding her back pay (plus interest), punitive damages, compensatory damages,

reinstatement, front pay, nominal damages, post judgment interest, loss of benefits including retirement, pension, seniority and other benefits of employment.

4.  Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Respectfully submitted,

_____
Jon C. Goldfarb (ASB-5401-F58J)
Ethan Detling (ASB-9067-T68E)
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANT'S ADDRESSES:**
The Corporation Company
2000 Interstate Park Drive Ste. 204
Montgomery, al 36109

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602003354
Cashier ID: cstrecke
Transaction Date: 01/15/2008
Payer Name: WIGGINS CHILDS QUINN PANTAZIS
------------------------------------
CIVIL FILING FEE
 For: WIGGINS CHILDS QUINN PANTAZIS
 Case/Party: D-ALM-1-08-CV-000034-001
 Amount:         $350.00
------------------------------------
CHECK
 Remitter: WIGGINS CHILDS QUINN
 Check/Money Order Num: 014164
 Amt Tendered:  $350.00
------------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00

ALTINER V FEDEX
```