**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **NATALIE ALTINER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FEDEX GROUND PACKAGES** | ) | **1:08-cv-00034-WHA-CSC** |
| **SYSTEMS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant FedEx Ground Package System, Inc. ("FedEx Ground") (incorrectly identified in Plaintiff's Complaint as "FEDEX GROUND PACKAGES SYSTEM, INC."), hereby responds to the Complaint of Plaintiff Natalie Altiner ("Plaintiff"). Unless expressly admitted herein, FedEx Ground denies each and every allegation, legal conclusion, and request for relief contained in the Complaint, and asserts that Plaintiff is not entitled to any relief whatsoever.

## FEDEX GROUND'S ANSWER TO PLAINTIFF'S COMPLAINT

### I.    NATURE OF CASE

1.    Paragraph 1 states legal conclusions to which no response is required. To the extent that a response is required by FedEx Ground, Paragraph 1 is denied.

### II.    JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

2.    Paragraph 2 states legal conclusions to which no response is required. To the extent that a response is required by FedEx Ground, Paragraph 2 is denied.

3.      Paragraph 3 states legal conclusions to which no response is required.  To the extent a response is required by FedEx Ground, FedEx Ground admits that Plaintiff's Complaint was filed on January 15, 2008, and that the Equal Employment Opportunity Commission issued two documents—each styled as a "Notice of Right to Sue"—one of which purports to be dated October 19, 2007, and another of which purports to be dated January 8, 2008.  Otherwise, Paragraph 3 is denied.

### III.    PARTIES

4.      Paragraph 4 is admitted in part and denied in part.  FedEx Ground admits that Plaintiff is a woman.  FedEx Ground is without sufficient information to admit or deny Plaintiff's citizenship or residency status, and therefore denies Plaintiff's allegations regarding her citizenship and residency status.  Paragraph 4 also states legal conclusions regarding Plaintiff's status as an "'employee' of Defendant as defined by Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended 42 U.S.C. Seciont 2000e *et seq.*" to which no response is required.  To the extent that a response to this conclusion is required, the conclusion is denied.  FedEx Ground denies the remaining allegations of Paragraph 4.

5.      Paragraph 5 is admitted in part and denied in part.  FedEx Ground admits that it has employed more than fifteen (15) employees at all times relevant to the allegations contained in the Complaint.  FedEx Ground denies that its proper name is "FedEx Ground Packages System, Inc.".  The remainder of Paragraph 5 states legal conclusions to which no response is required.  To the extent that a response to such conclusions is required, they are denied.

### IV.    FACTUAL ALLEGATIONS

SPOTSWOOD
SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35203
Tel (205) 986-3620
Fax (205) 986-3639

6.      Paragraph 6 is admitted in part and denied in part.    FedEx Ground admits Plaintiff took a position at FedEx Ground as clerk in 2001.    The remainder of Paragraph 6 is denied.

7.      Paragraph 7 is admitted.

8.      Paragraph 8 is denied.

9.      Paragraph 9 is admitted.

10.     Paragraph 10 is admitted in part and denied in part.  FedEx Ground admits that Plaintiff applied for a manager position in Atlanta in March 2005, but denies that it "denied Plaintiff that position despite her qualifications."

11.     Paragraph 11 is denied.

12.     Paragraph 12 is denied.

13.     Paragraph 13 is denied.

14.     Paragraph 14 is denied.

15.     Paragraph 15 is denied.

16.     Paragraph 16 states legal conclusions to which no response is required.  To the extent that a response is required by FedEx Ground, FedEx Ground admits that Delner Franklin-Thomas of the Equal Employment Opportunity Commission issued a letter styled as a "DETERMINATION" that purports to be dated October 11, 2007, and which contains the language quoted in Paragraph 16.  The remainder of Paragraph 16 is denied.

17.     Paragraph 17 is denied.

18.     Paragraph 18 is denied and FedEx Ground asserts that Plaintiff is not entitled to any relief whatsoever.

## V.    CAUSES OF ACTION

SPOTSWOOD
SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35203
Tel (205) 986-3620
Fax (205) 986-3639

## COUNT I – Sex/Pregnancy Discrimination

19.    FedEx Ground FedEx repeats and realleges its answers to each and every allegation in Paragraphs 1-18 of this Complaint with the same force and effect those answers would have if fully set forth herein.

20.    Paragraph 20 states legal conclusions to which no response is required.  To the extent that a response is required by FedEx Ground, Paragraph 20 is denied.

21.    Paragraph 21 is denied.

22.    Paragraph 22 is denied.

23.    Paragraph 23 is denied.

24.    Paragraph 24 is denied and FedEx Ground asserts that Plaintiff is entitled to no relief whatsoever.

## COUNT II – RETALIATION IN VIOLATION OF TITLE VII

25.    FedEx Ground FedEx repeats and realleges its answers to each and every allegation in Paragraphs 1-24 of this Complaint with the same force and effect those answers would have if fully set forth herein.

26.    Paragraph 26 states legal conclusions to which no response is required.  To the extent that a response is required by FedEx Ground, Paragraph 26 is denied.

27.    Paragraph 27 is denied.

28.    Paragraph 28 is denied.

29.    Paragraph 29 is denied.

30.    Paragraph 30 is denied and FedEx Ground asserts that Plaintiff is entitled to no relief whatsoever.

### VI.    DAMAGES

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES—Page 4
1:08-cv-00034-WHA-CSC

SPOTSWOOD
SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35203
Tel (205) 986-3620
Fax (205) 986-3639

31.    Paragraph 31 is denied and FedEx Ground asserts that Plaintiff is entitled to no relief whatsoever.

32.    Paragraph 32 is denied and FedEx Ground asserts that Plaintiff is entitled to no relief whatsoever.

33.    Paragraph 33 is denied and FedEx Ground asserts that Plaintiff is entitled to no relief whatsoever.

34.    Paragraph 34 is denied and FedEx Ground asserts that Plaintiff is entitled to no relief whatsoever.

**VI.    PRAYERS FOR RELIEF**

FedEx denies that Plaintiff is entitled to any relief whatsoever.

<u>**FEDEX GROUND'S AFFIRMATIVE DEFENSES**</u>

1.    The Complaint fails to state a claim upon which relief may be granted.

2.    The Complaint fails to state a claim upon which an award of compensatory and/or punitive damages can be granted.

3.    The Complaint is barred, in whole or in part, by the applicable statutes of limitations and/or administrative filing periods and/or by the failure to satisfy the statutory and/or administrative prerequisites to the bringing of an action under federal law.

4.    Plaintiff's claims are barred, in whole or in part, by the failure to exhaust administrative remedies as required by the Employee Retirement Income Security Act of 1974 ("ERISA").

5.    At all relevant times, FedEx Ground exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior, and Plaintiff unreasonably failed to take advantage of the preventive and/or corrective measures provided by FedEx Ground or to avoid

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES—Page 5
1:08-cv-00034-WHA-CSC

SPOTSWOOD
SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35203
Tel (205) 986-3620
Fax (205) 986-3639

harm otherwise, and failed to complain of any discriminatory conduct.

6.     FedEx Ground's actions and decisions with respect to Plaintiff were taken for legitimate, non-retaliatory, non-discriminatory reasons.

7.     Plaintiff did not suffer any damages attributable to any actions of FedEx Ground.

8.     Plaintiff's claims in this action, or some of them, are barred because she was an employee at will.

9.     Assuming, *arguendo*, that any impermissible consideration may have affected any decision regarding Plaintiff (which FedEx Ground denies), the employment decisions of which Plaintiff complains would have been taken in any event for legitimate, non-retaliatory, non-discriminatory reasons.

10.     FedEx Ground is not liable to Plaintiff for the acts or omissions of any supervisory or managerial employee that were beyond the scope of his or her employment.

11.     The Complaint and each alleged cause of action are barred by the doctrines of estoppel, waiver, misrepresentation and/or unclean hands.

12.     The Complaint and each alleged cause of action were not timely filed under the doctrine of laches.

13.     Plaintiff's claims for damages based upon emotional, mental or physical injuries are barred by the exclusivity provisions of the applicable workers' compensation laws.

14.     Plaintiff has failed to exhaust FedEx Ground's internal and/or administrative procedures and remedies.

15.     Plaintiff's recovery in this action, if any, must be diminished by the amount of Plaintiff's comparative fault.

16.     Any claims relating to Plaintiff's employee benefits, including but not limited to

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES—Page 6
1:08-cv-00034-WHA-CSC

SPOTSWOOD
SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35203
Tel (205) 986-3620
Fax (205) 986-3639

claims for retirement or pension, as alleged in Paragraph 3 of the Complaint's Prayer for Relief, are governed by and must be litigated pursuant to the provisions of ERISA.

17.    Plaintiff's Complaint fails to state a cause of action or a claim upon which an award of attorney's fees, cost or disbursements may be granted.

18.    Any conduct by FedEx Ground with respect to Plaintiff was fully justified, supported by good faith and in furtherance of FedEx Ground's competitive and economic interests.

19.    Plaintiff's claims, or some of them, are barred in whole or in part as a result of the non-joinder of necessary and indispensable parties.

20.    Plaintiff's Complaint, and each cause of action set forth therein, is barred because Plaintiff failed to provide FedEx Ground with timely notice of any allegations of discrimination and/or unlawful conduct including but not limited to Plaintiff's failure to comply with FedEx's harassment/discrimination policy procedures concerning reporting claims of harassment or to otherwise avoid harm in a timely manner.

21.    At all relevant times, FedEx Ground acted in accordance with its responsibilities under all applicable laws and has not engaged in any willful and/or negligent conduct with respect to Plaintiff.

22.    Plaintiff is not covered by the statutes, regulations and legal theories sought to be invoked in the Complaint.  Accordingly, for this and other reasons, Plaintiff's claims, or some of them, are barred in whole or in part because Plaintiff lacks standing.  Further, Plaintiff lacks standing with respect to her claims for declaratory and injunctive relief, and each of them, because she has no current relationship with FedEx Ground.

23.    Pending further discovery, Plaintiff's claims, or some of them, are barred in

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES—Page 7
1:08-cv-00034-WHA-CSC

SPOTSWOOD
SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35203
Tel (205) 986-3620
Fax (205) 986-3639

whole or in part because Plaintiff breached or otherwise failed to satisfy, or ensure satisfaction of her obligations to FedEx Ground.

24.    To the extent Plaintiff seeks penalties, punitive damages, or exemplary damges, she fails to state facts sufficient to support such claims, and such claims are precluded by statute or violate the Due Process and other constitutional rights of FedEx Ground.

25.    Plaintiff is not entitled to recover punitive damages because at all relevant times, FedEx Ground engaged in good faith efforts to comply with all laws prohibiting discrimination, harassment, and retaliation in employment.

26.    Plaintiff's claim for punitive damages is barred in whole or in part because the conduct alleged does not create a right to punitive damages; because punitive damages are not permitted under the causes of action alleged; and because, or to the extent that, the claims for punitive damages violate the Due Process and other constitutional rights of FedEx Ground.

27.    To the extent that Plaintiff incurred any damages as a result of any act or omission by FedEx Ground or its agents or employees, which FedEx Ground specifically denies, Plaintiff failed to make reasonable efforts to mitigate their her damages and any recovery should be reduced accordingly.

28.    Plaintiff failed to exercise reasonable and ordinary care, caution and/or prudence and the alleged injuries and damages, if any in fact were suffered, were proximately caused and/or contributed to be Plaintiff's own negligent and/or intentional conduct.

29.    FedEx Ground expressly reserves the right to plead additional defenses and other matters of defense to the Complaint by way of amendment after further discovery and investigation is complete.

SPOTSWOOD
SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35203
Tel (205) 986-3620
Fax (205) 986-3639

WHEREFORE, FedEx Ground respectfully requests that judgment be entered in its favor and further that:

1.     The Complaint be dismissed in its entirety with prejudice;

2.     Plaintiff take nothing by way of her Complaint;

3.     FedEx Ground be awarded judgment in its favor and against Plaintiff;

4.     FedEx Ground recover its costs of suit and attorneys' fees incurred herein; and

5.     FedEx Ground be awarded such other and further relief as the Court deems just and proper.

Kenneth D. Sansom (SAN 047)
*One of the Attorneys for the Defendant*

Robert K. Spotswood (SPO 001)
Kenneth D. Sansom (SAN 047)
John R. Parker, Jr. (PAR 123)
SPOTSWOOD SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, Alabama 35203-3329
Telephone:    (205) 986-3620
Facsimile:    (205) 986-3639
E-mail:    ksansom@spotswoodllc.com
E-mail:    rks@spotswoodllc.com
E-mail:    jrparker@spotswoodllc.com

*Of Counsel to the Defendant*

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES—Page 9
1:08-cv-00034-WHA-CSC

SPOTSWOOD
SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35203
Tel (205) 986-3620
Fax (205) 986-3639

## CERTIFICATE OF SERVICE

The undersigned declares as follows:

I hereby certify that on this date I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system, which will send notice to the following persons:

Jon C. Goldfarb
Ethan Detling
Wiggins Childs Quinn & Pantanzis, PC
301 19th Street North
Birmingham, AL 35203-3204
205-314-0500
Fax: 205-254-1500
Email: jgoldfarb@wcqp.com
Email: edettling@wcqp.com

I declare under penalty of perjury under the laws of the State of Alabama that the
foregoing is true and correct.

DATED this 6th day of March 2008, at Birmingham, Alabama.

Of Counsel

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES—Page 10
1:08-cv-00034-WHA-CSC

SPOTSWOOD
SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, AL 35203
Tel (205) 986-3620
Fax (205) 986-3639